**ARREL et al. v. GENTSCH, Collector of Internal Revenue.**

Civil Action No. 21330.

District Court, N. D. Ohio, E. D.

Sept. 30, 1943.

Osborne Mitchell, of Mitchell & Mitchell, of Youngstown, Ohio, for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., E. E. Angevine and Andrew D. Sharpe, Sp. Assts. to Atty. Gen., Don C. Miller, U.S. Atty., and Francis B. Kavanagh, Asst. U.S. Atty., of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This suit seeks recovery of $814.82 paid as income taxes for the calendar year 1937. It is submitted on the complaint, the answer, depositions of plaintiffs' witnesses, and exhibits of both parties. The questions presented are:

(1) Is the operation on the plaintiffs' property a limestone quarry or a mine within the meaning of Section 114(b) (2) of the Revenue Act of 1936?

(2) If the operation is a mine within the meaning of the Revenue Act, are the taxpayers entitled to compute depletion on a discovery value basis?

(3) Did the taxpayer establish a value as of the date of the alleged discovery?

Section 114(b) (2) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Code, § 114 (b) (2), provides:

"(b) Basis for depletion * * *

"(2) Discovery value in case of mines. In the case of mines (other than metal,

coal, or sulphur mines) discovered by the taxpayer after February 28, 1913, the basis for depletion shall be the fair market value of the property at the date of discovery or within thirty days thereafter, if such mines were not acquired as the result of purchase of a proven tract or lease, and if the fair market value of the property is materially disproportionate to the cost. The depletion allowance under section 23(m) based on discovery value provided in this paragraph shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property upon which the discovery was made, except that in no case shall the depletion allowance under section 23(m) be less than it would be if computed without reference to discovery value. Discoveries shall include minerals in commercial quantities contained within a vein or deposit discovered in an existing mine or mining tract by the taxpayer after February 28, 1913, if the vein or deposit thus discovered was not merely the uninterrupted extension of a continuing commercial vein or deposit already known to exist, and if the discovered minerals are of sufficient value and quantity that they could be separately mined and marketed at a profit."

The undisputed facts are: During the year 1923 the taxpayer, James T. Arrel, inherited from his uncle a tract of land consisting of 130 acres, more or less, located in Poland Township, Mahoning County, Ohio, and designated as Lot 59 in that township. The appraised value of the property at the date of inheritance was $11,500, of which amount $7,500 was allocated to the value of the land. At the date of acquisition a limestone quarry (mine) was in operation about one and three-quarters mile east of the property. During 1928 tests were made on the taxpayer's farm disclosing (discovering) a limestone deposit over an area of approximately 60 acres, estimated to contain 3,-500,000 tons of stone. At that time or quite soon thereafter the deposit was leased to the Carbon Limestone Company on a royalty basis of five cents per ton. Operations were commenced in that year. Plaintiffs' Exhibits 13, 14, and 15 show the quarry as it appeared in 1934.

■ It seems to this court that a reasonably liberal interpretation of the law, having in mind the manifest intention of the lawmakers, entitles the plaintiffs to the relief sought. If the statement of facts above is read and the word "mine" is substituted for "quarry" and the word "discovering" is substituted for "disclosing", then it would seem quite clear that plaintiffs are entitled to the benefits of Section 114(b) (2). A consideration of all the facts and circumstances seems to warrant the substitution of "mine" for "quarry" and "discovering" for "disclosing", and certainly the latter part of the statement of facts discloses that the value of the deposit was five cents per ton.

The method of recovering limestone in this state has undergone the same evolution as has the method of recovering coal. While at first it was recovered by a drift or underground operation, much of it was later recovered by open excavation or strip-mining. The development of the steam shovel accounts mainly for the change in operation. At the time that the deposit was disclosed or discovered on the plaintiffs' property an underground operation or drift mine was the only known method of removing the limestone. Soon thereafter, however, a steam shovel was employed to remove the overburden of earth and the stone was then taken out of the open pit. It is common to consider stripping for coal as coal mining, and so in a sense stripping for stone should be considered a form of mining. Coal mines are expressly exempted from the section quoted above and it seems to the court that mining operations for stone should be included, and that the intendment of the law would include stone mining, whether by the drift process or the strip process.

■ Limestone had been mined from the Miller property adjoining the plaintiffs' property. In 1920 such operation ceased because the stone deposit seemed to have been exhausted. In 1928 it was found that the deposit was not exhausted but that there was a "fault" in the seam or vein. The relocated vein or deposit of limestone was found at that time to extend under the plaintiffs' property as well as under the Miller property. This knowledge was acquired by drilling operations, and this court is of opinion that such findings amount to discovery as provided in the section quoted. And it seems quite clear that "the vein or deposit thus discovered was not merely the uninterrupted extension of a continuing commercial vein or deposit already known to exist".

■ Since the undisputed evidence discloses that the Carbon Limestone Company leased the deposit on a royalty basis of five cents per ton, it seems to the court that the value at the time of discovery has been proved.

Judgment will therefore be given as prayed by the plaintiffs. Entry may be prepared in accordance with the rule.